IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDA SUE LUCAS,**

    **Plaintiff,**

  vs.                                    Civil Action 2:14-cv-544
                                              Judge Frost
                                              Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

<u>**REPORT AND RECOMMENDATION**</u>

**I.    Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is before the Court for consideration of *Plaintiff's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 10, the Commissioner's *Opposition to Plaintiff's Statement of Errors* ("*Commissioner's Response*"), Doc. No. 18, and plaintiff's reply, Doc. No. 19.

Plaintiff Linda Sue Lucas filed her application for a period of disability and disability insurance benefits on January 6, 2010, and her application for supplemental security income on January 11, 2010, alleging that she has been disabled since January 10, 2008. *PAGEID* 196-207. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law

judge.

An administrative hearing was held on October 25, 2012, at which plaintiff, represented by counsel, appeared and testified, as did Lynn M. Kaufman, who testified as a vocational expert. *PAGEID* 78. In a decision dated November 23, 2012, the administrative law judge concluded that plaintiff was not disabled from January 10, 2008, through the date of the administrative decision. *PAGEID* 144-55. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 14, 2014. *PAGEID* 48-51.

Plaintiff was 51 years of age on the date of the administrative decision. *See PAGEID* 155, 196. She has past relevant work as a customer service representative, general office clerk, bartender, paralegal assistant, babysitter, merchandiser, and home health attendant. *PAGEID* 154-55. Plaintiff was last insured for disability insurance purposes on September 30, 2011. *PAGEID* 146. She has not engaged in substantial gainful activity since January 10, 2008, the alleged onset date. *Id*.

**II.  Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of sciatica, chronic obstructive pulmonary disease, fibromyalgia, fracture of a cervical vertebra, asthma, and chondromalacia with history of medial meniscus tear. *PAGEID* 147. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with

2

the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) but should avoid exposure to heat, cold, humidity, fumes, odors, dust, gases, and poor ventilation." *PAGEID* 150.  Relying on the testimony of the vocational expert, the administrative law judge found that this RFC does not preclude the performance of plaintiff's past relevant work as a customer service representative, general office clerk, and paralegal assistant. *PAGEID* 154-55.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from January 10, 2008, through the date of the administrative decision. *Id.*

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff contends that the administrative law judge erred in finding that plaintiff could perform her past relevant work as a customer service representative, general office clerk, and paralegal assistant because the jobs do not meet the definition of "past relevant work." *Statement of Errors*, pp. 4-11. Plaintiff also challenges the administrative law judge's credibility determination, and she argues that the administrative law judge failed to consider three "third-party statements" from "other sources." *Id*. at pp. 11-18.

With regard to the latter challenge, plaintiff argues that the administrative law judge failed to consider a December 15, 2011 letter from plaintiff's son and daughter-in-law, Daniel and Rachel Fraker, *PAGEID* 342, an undated letter from plaintiff's husband, *PAGEID* 339, and a December 12, 2011 letter from plaintiff's friend and former supervisor, Rajean Carr. *PAGEID* 338. The letters each describe how plaintiff's physical and mental conditions have deteriorated over time and how plaintiff's impairments have impacted her ability to work and

4

perform activities of daily living.  Plaintiff's son and daughter-in-law noted, *inter alia*, that plaintiff is unable to sit or stand for more than 20 minutes at a time.  *PAGEID* 342.  Plaintiff's husband noted, *inter alia*, that plaintiff has irregular sleep patterns, difficulty carrying objects weighing five pounds, and difficulty with sitting and concentration.  *PAGEID* 339.  Ms. Carr noted, *inter alia*, that plaintiff has difficulty completing tasks with her hands, sitting, and standing, and that she "frequently has to shift her positions."  *PAGEID* 338.

    The Commissioner concedes that the administrative law judge's decision neither mentioned nor discussed these letters.  *Commissioner's Response*, p. 7 n.5.  The Commissioner argues, however, that this fact is immaterial because "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."  *Id*.  The Commissioner also argues that plaintiff has failed "to demonstrate what additional limitations these records would support."  *Id*.  The Commissioner's arguments are not well taken.

    Plaintiff's husband, son, daughter-in-law, and friend are considered "other non-medical sources."  20 C.F.R. §§ 404.1513(d)(4); 416.913(d)(4).  Evidence from other sources may be considered "to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work."  20 C.F.R. §§ 404.1513(d); 416.913(d).

5

With regard to "non-medical sources," the regulations delineate between those who have, and those who have not, seen the plaintiff "in a professional capacity in connection with their impairments." *See* SSR 06-03P, 2006 WL 2329939, at *5-6 (Aug. 9, 2006). Opinions from "non-medical sources" who have seen the plaintiff in their professional capacity should be evaluated by considering such factors as the length of time and frequency of treatment, consistency with other evidence, the degree to which the source presents relevant evidence to support the opinion, how well the opinion is explained, whether the source has a special expertise, and any other factor supporting or refuting the opinion. *Id*. at *4-6. These factors do not apply, however, when evaluating the opinion of non-medical sources "who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors." *Id*. at *6. When considering a "non-medical source" who has not seen the plaintiff "in a professional capacity in connection with their impairments," "it would be appropriate [for the administrative law judge] to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." *Id*. at *5. In either situation, the administrative law judge has "discretion to determine the proper weight to accord opinions from 'other sources.'" *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)).

In the case presently before the Court, the administrative law judge made no mention of the letters from plaintiff's son and daughter-in-law, husband, and friend.  The administrative law judge did not expressly evaluate the relevant factors nor did he state what weight was afforded those letters.  Although, as the Commissioner argues, *see Commissioner's Response*, p. 7 n.5, an administrative law judge "'can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party,'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Def. Sys.—Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999), *see also* SSR 06-03P, 2006 WL 2329939, at *5 ("[T]here is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision . . . ."), a review of the administrative decision suggests that that the administrative law judge did not in fact consider the letters.  For example, in evaluating plaintiff's credibility, the administrative law judge noted that, although plaintiff's counsel stated "there would be multiple statements from family members, friends, and co-workers to support the claimant's contentions, no statements have been received." *PAGEID* 154.  Moreover, and contrary to the Commissioner's arguments, *see Commissioner's Response*, p. 7 n.5, the letters refer to limitations on plaintiff's part that exceed those found in the RFC determination.  *See, e.g., PAGEID* 342 (indicating that plaintiff cannot sit or stand for more than 20 minutes at a time).

7

Under these circumstances, the Court concludes that the matter must be remanded for further consideration of the letters from plaintiff's son and daughter-in-law, husband, and friend (the other non-medical sources).  *See PAGEID* 338-39, 342.  Having determined that this action must be remanded, the Court does not address plaintiff's remaining arguments.

It is accordingly **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for consideration of information from non-medical sources.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of*

*Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 28, 2015                                      *s/Norah McCann King*
                                                              Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge